UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES HAMILTON,

    Petitioner,

v.                                            Case No. 8:11-cv-414-T-17TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

## ORDER

THIS CAUSE is before the Court on Petitioner Charles Hamilton's 28 U.S.C. § 2254 petition for writ of habeas corpus. Hamilton challenges his judgment and sentence rendered in the Thirteenth Judicial Circuit in Hillsborough County, Florida in Case No. CF96-12042.

A review of the record demonstrates that the petition must be **denied.**

## BACKGROUND

Hamilton was tried and found guilty of two counts of sexual battery on a victim less than twelve years of age. On April 30, 1997 he was sentenced to life in prison (Exhibit 001 p. 51-59).

### Direct Appeal

Hamilton's direct appeal in the State Second District court of Appeal was filed in case number 97-2086. In his appeal, Hamilton raised the following issues: 1. Whether the trial court erred in finding that the juvenile victim's testimony about the crime was competent; 2. Whether the trial court erred in denying the Defendant's motion for judgment of acquittal when the evidence showed, at most, one count of sexual battery.

The State Second District Court of Appeal affirmed Hamilton's direct appeal in an

Order dated August 26, 1998. The Mandate issued on September 14, 1998. Hamilton was subsequently determined to be a sexual predator in an Order signed by the trial court April 27, 1999. Hamilton's appeal from this Order was affirmed by the State Second District Court of Appeal on March 9, 2001 in case number 2D99-2196.

Post Conviction Proceedings

Hamilton's next filing occurred on August 30, 2000, when Hamilton sought post conviction relief at the trial level pursuant to Florida Rule of Criminal Procedure 3.850. In his rule 3.850 motion, Hamilton raised the following issues: 1. Trial counsel was ineffective for failing to take a deposition of and subpoena for trial State's witness Evelyn Miller; 2. Trial counsel was ineffective for misleading and misinforming the Defendant thereby causing Defendant to involuntarily agree to counsel's choice of a judge only trial; 3. Trial counsel was ineffective for failing to timely file a motion in limine and motion for bill of particulars before trial; 4. Trial counsel was ineffective for failing to take a deposition and subpoena trial State's witness Ms. Peg Sneller of the Children's Advocacy Center.

The trial court held an evidentiary hearing, after which the trial court entered a final Order dated September 3, 2002, wherein the trial court denied relief on all claims. Hamilton appealed the trial court's ruling to the State Second District Court of Appeal in case number 2D02-4592.

In the appeal, the State responded to the following two issues which Hamilton raised in his single issue Pro Se brief: 1. The trial court erred, as a matter of law, when the court ruled that Hamilton intelligently, freely and voluntarily waived his right to jury trial; 2. Whether the trial court properly denied relief as to counsel's failure to depose and subpoena Peg Sneller for trial. The state district court of appeal per curiam affirmed the

2

denial of relief on February 20, 2004.

Hamilton filed a second 3.850 Motion in the state trial court on July 7, 2003, asserting that the state's attorney assigned to prosecute his trial was an impostor who was never properly sworn in as an assistant State's attorney. This motion was summarily denied by the state trial court. The denial was affirmed by the State Second District Court of Appeal on February 20, 2004 in case number 2D03-4337.

Hamilton filed a Petition alleging ineffective assistance of Appellate Counsel in the State Second District Court of Appeal on July 7, 2003. The appellate court dismissed this Petition as untimely in case number 2D03-3079. The State did not participate in the action and was not served with a copy the Petition. As the Second District's files have since been destroyed, the Respondent is unable to produce a copy of Hamilton's Petition. However, Respondent filed a copy of the Second District Court of Appeals's docket sheet, along with the Order dismissing the Petition and the Order denying rehearing as Exhibit 006.

Hamilton next filed a motion in the state trial court seeking DNA testing pursuant to Florida Rule of Criminal Procedure 3.853 on March 25, 2004 which was summarily denied by the trial court on August 6, 2004. This ruling was affirmed by the State Second District Court of Appeal in case number 2D04-3836.

Approximately four years later, Hamilton filed another 3.850 motion dated April 16, 2009. In his Motion, Hamilton raised the following two issues: 1. Whether the trial court erred in allowing Defendant's confession in evidence without requiring the State to first prove a corpus delicti; 2. Whether the Florida Supreme Court's decision in *Hobbs v. State*, case no. SC08-165, which clarified Section 92.565 Florida Statutes which requires the trial court judge to make factual findings as to the trustworthiness doctrine before a memorized

confession can be used as evidence, applies to the instant case where no factual findings were made.

The state trial court found that the Motion was untimely and procedurally barred and its Order denying relief was entered March 29, 2010. The state district court of appeal affirmed the trial court's ruling on December 30, 2010 in case number 2D10-2071.

## THE PRESENT PETITION IS TIME-BARRED

The present section 2254 petition, which was filed on February 24, 2011, raises the following grounds for relief:

Ground One: Whether the Defendant was denied his constitutional right to due process based upon the provision of Article 1, Section 9 of the Florida Constitution and the Fourteenth Amendment of the United States Constitution by virtue of the trial court judge allowing Hamilton's confession into evidence without the state's first proving corpus delicti;

Ground Two: Whether the failure to apply section 92.565, Florida Statute (2008) which requires the trial court judge to make factual findings as to the trustworthiness doctrine before a memorized confession can be used as evidence applies to the instant case where no factual findings were made.

### Exhaustion of Remedies and Timeliness of the Instant Petition

Hamilton's Petition is not timely filed pursuant to the filing requirements of 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a §2254 federal habeas petition. Subsection (2) of § 2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, Hamilton allowed the deadline for filing a timely federal petition for writ of habeas corpus to pass before he filed the present petition. The limitations period began to run on November 24, 1998, which is ninety days following the issuance of the decision affirming Hamilton's direct appeal. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), in which the Eleventh Circuit concluded that a Petitioner's conviction, for the purposes of calculating an AEDPA deadline, becomes final ninety days following the issuance of the appellate court's ruling. *See also, Chavers v. Secretary, Florida Department of Corrections*, 468 F.3d 1273 (11th Cir. 2006), in which the Court confirmed that the filing deadline is calculated from the date of the appellate court's judgment, not the date the mandate is issued.

Hamilton pursued numerous claims in the State courts between the time his direct appeal became final in 1998 and his last state court motion, filed March 25, 2004; however, once his 2004 attack became final on issuance of the State appellate court's ruling on March 4, 2005, Hamilton filed nothing until 2009, approximately four years later, and long after the one-year AEDPA limitation period had expired. More than 365 untolled days elapsed before Hamilton filed the instant petition for writ of habeas corpus in this Court, even excluding those days during which legitimate state court postconviction motions for relief were pending.

Hamilton has not shown extraordinary circumstances that would justify equitable tolling. The Eleventh Circuit has held that 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar. Equitable tolling is warranted only "when a movant untimely files

because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000)(citing *Sandvik v. United States*, 177 F.3d 1269, 1270, 1271 (11th Cir. 1999).

The "extraordinary circumstances" standard applied in this Circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. *See Helton v. Sec. for the Dep't. of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001). Hamilton does not advance extraordinary circumstances which prevented his timely filing his federal petition and does not assert a sufficient basis upon which to conclude that he used due diligence in seeking federal habeas corpus relief. That he decided to press an improperly filed 3.850 motion in 2009 does not present a rare circumstance to justify equitable tolling. Hamilton's delay was avoidable with diligence, and he does not show the existence of extraordinary circumstances to justify lifting the time bar in the present case.

## DISCUSSION

It is well settled that to secure a writ of habeas corpus, a Petitioner must show that the state court's decision was contrary to clearly established United States Supreme Court case law, or alternatively, that the state court's decision was an unreasonable application of Supreme Court case law. Hamilton has not identified any specific case law which might be construed as demonstrating that the state court's decision was erroneous.

GROUND ONE

**Whether the Defendant was denied his constitutional right to due process based upon the provision of Article 1, Section 9 of the Florida Constitution and the Fourteenth Amendment of the United States Constitution by virtue of the trial court**

**judge allowing Defendant's confession into evidence without the state first proving corpus delicti**.

This claim was raised in Hamilton's 3.850 motion filed in 2009. The record reflects that Hamilton was charged with three counts of sexual battery on a child less than twelve years of age. In his trial, the State advanced the testimony of the child victim, who identified Hamilton (Exhibit 001 p. 011-012) and then described how he put his "private" in the victim's vagina. She described Hamilton's "private" as light-skinned and long (Exh 001 p. 015, 017). The victim described a second incident involving Hamilton, as well, where he "forced me to have sex with him" (Exh. 001 p 019-020). The victim stated that she was twelve years old at the time of trial and that her date of birth was September 12, 1984 (Exh 001 p. 010).

The State then presented the testimony of Detective Leon Green, who described his interview with Hamilton. Detective Green testified that Hamilton admitted to him that he had sexual intercourse with the victim on two occasions (Exh. 001, p. 044-053). Detective Green's testimony was admitted without objection from Hamilton. The State trial court found Hamilton guilty of two of the three counts, apparently basing this determination on the fact that the victim only described two incidents (Exh. 001 p. 121-122). Hamilton's 2009 claim in the State court was that the use of his confession was improper because the State failed to establish a corpus delicti; however, the record plainly includes testimony from the victim, who was twelve at the time of her testimony, and whose testimony included a description of two sexual acts involving penetration by Hamilton. Accordingly, Hamilton's claim that the corpus delicti rule was violated is plainly refuted by the record.

The trial court rejected this claim in the 2009 rule 3.850 motion not only because it

was untimely and improperly raised in a rule 3.850 motion, but also because the claim should have been raised in Hamilton's direct appeal. The state trial court's decision supported by Florida law. *Bruno v. State*, 807 So.2d 55 (Fla. 2001); *Ponticelli v. State*, 941So.2d 1073 (Fla. 2006). Hamilton advanced no legal justification for his failure to timely raise this claim, and the trial court properly rejected it for that reason alone. Even if the claim had been timely and properly raised, the claim is without merit.

Finally, Hamilton's claim does not raise a constitutional claim. Although he advances his argument in the guise of a due process violation, the claim is grounded on an assertion that the State court improperly interpreted its own evidentiary rules regarding admissibility of Hamilton's confession. A State court's allegedly erroneous interpretation of its own rules may not be raised in a federal habeas petition. *Brannan v. Booth*, 861 F.2d 1507 (11th USCA 1988). Accordingly, ground one does not merit habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991).

Only where the State court's evidentiary ruling can be said to have deprived Hamilton of his constitutional right to present a defense is there a basis for granting relief. *United States v. Perry*, 379 Fed. Appx. 888 (11th Cir. 2010) (unpublished opinion). In the present context, the State court's decision to allow Hamilton's confession does not mean that he was deprived of his right to present a defense.

Ground one does not warrant habeas corpus relief.

GROUND TWO

**Whether the failure to apply section 92.565, Florida Statute (2008) which requires the trial court judge to make factual findings as to the trustworthiness doctrine before a memorized confession can be used as evidence applies to the instant case where**

**no factual findings were made.**

Hamilton raised this claim in his untimely 2009 rule 3.850 motion, in which he alleged that his confession was improperly admitted because the trial court failed to follow the requirements of F.S. § 92.565. This statute allows the State to present a defendant's confession in limited cases even where no corpus delicti exists. However, the trial court is required to hold an evidentiary hearing and, using the factors identified in the statute, make a finding that the confession is sufficiently reliable to permit its use at trial. Hamilton's claim below was that because the Florida Supreme Court had recently issued an opinion interpreting F.S. §92.565 in *Hobbs v. State*, 999 So.2d 1025 (Fla. 2008), he could properly advance a timely claim because the new decision should be deemed retroactive.

The state trial court rejected this argument, concluding that Hobbs was inapplicable to Hamilton's case, because the statute was not retroactive. Furthermore, the statute was not enacted until June 2000 and could not have applied to Hamilton's February 1997 trial.

Even if the statute applied, the outcome would have been the same because in Florida, the victim's testimony is sufficient to establish corpus delicti. *See, e.g., Bradley v. State*, 918 So.2d 337 (Fla. 1st DCA 2005). Even if the statute about which Hamilton complains had been in effect at the time of his trial, there is no doubt that its application would not have altered the outcome of his trial.

Ground two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Hamilton's petition is denied. The Clerk is directed to enter judgment against Hamilton and to close this case

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 24, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Charles Hamilton